UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NAVIN B. PATEL and
REKHE N. PATEL,

      Plaintiffs,

v.                                                                                                          Case No. 1:06-CV-469

JAMAL GARMO, et al.,                                                                       HON. GORDON J. QUIST

      Defendants.
_____/

**MEMORANDUM ORDER**

      Presently before the Court is Defendant Muskegon Property L.L.C.'s Motion For Installment Payments. Plaintiffs have filed a response to the motion. For the reasons stated below, the Court will deny the motion.

      On November 19, 2008, the Court entered a Final Judgment which, among other things, awarded Plaintiffs $75,000 in attorney fees plus any applicable post judgment interest against Defendants Muskegon Lodge, L.L.C. and Muskegon Property, L.L.C. ("MPL"), jointly and severally. MPL now moves, pursuant to M.C.L. § 600.6201, *et seq.*, and M.C.R. 3.104(A), for an order permitting MPL to pay the $75,000 judgment in installments of $500.00 per month. MPL's motion is verified by William Fehse, the comptroller of MPL. Fehse states that: (1) MPL has no funds to pay the judgment; (2) in 2007, MLP had an ordinary business income loss of $74,721; (3) in the year ended 2007, MPL had a net loss of $75,416; and (4) from January 2008 through September 2008, MPL suffered a loss of $102,302.17. (Verified Mot. ¶¶ 4, 6-8.)

      Pursuant to Fed. R. Civ. P. 69(2), the procedure in proceedings supplemental to and in aid of a money judgment "must accord with the procedure of the state where the court is located." *See*

*Ins. Co. of N. Am. v. Dynamic Constr. Co.*, Nos. 93-1640, 93-2105, 1995 WL 7956, at *2 (6th Cir. Jan. 9, 1995) (applying installment payment provisions under Michigan Revised Judicature Act and Michigan Court Rule in a diversity case). Accordingly, the Court must apply Michigan law pertaining to the collection of civil judgments.

Michigan Court Rule 3.104(A) provides that "[a] party against whom a money judgment has been entered may move for entry of an order permitting the judgment to be paid in installments in accordance with M.C.L. 600.6201 *et seq.*" The motion will be granted without a hearing unless the plaintiff files an objection within fourteen days after service. M.C.R. 3.104(B). As noted, Plaintiffs have filed an objection, precluding the automatic granting of the motion. Plaintiffs' primary contention is that MPL, a limited liability company, is not entitled to the requested relief because the installment payment act (the "Act") is intended to protect only individual judgment debtors from the garnishment of wages for their work and labor. The Court agrees.

Section 6201, the first provision of the Act, provides:

**Judgment, payment in installments; retroactive application**

(1) The judge of any court having civil jurisdiction at the time of the rendition of a judgment, upon proper showing made by the defendant with both parties or their attorneys present in court, may make a written order permitting the defendant to pay the judgment in installments, at such times and in such amounts as in the opinion of the judge, the defendant is able to pay.

(2) Any judge may make a written order permitting the defendant to pay any judgment previously rendered in or transcribed to his court in installments, upon compliance by the defendant with the provisions of this chapter and the rules of court.

M.C.L. § 600.6201. The succeeding provisions address, among other things, the procedure for petitioning the court for an installment payment order and serving the notice of a hearing; the conduct of the hearing; and the effect an installment order has on garnishments. Section 6205, which addresses the petition and the contents of the notice of hearing, requires the movant to file

2

an affidavit "setting forth his inability to pay the judgment with funds other than those earned by him as wages, setting forth the name and address of his employer, the amount of the wages and the date of payment thereof." M.C.L. § 600.6205(3). At the conclusion of the hearing the court may enter an order requiring the defendant to pay a certain sum of money toward the judgment on a weekly, biweekly, or monthly basis. M.C.L. § 600.6215(1). Any such order stays the issuance of a writ of garnishment "for work and labor during the period that the defendant complies with the order . . . [but] shall not stay garnishment if the defendant fails to comply with its terms." M.C.L. § 600.6215(2). Once the court enters an installment order, "[t]he garnishment of any money due or to become due for the personal work and labor of the defendant . . . is prohibited" without further order of the court. M.C.L. § 600.6231. However, the Act does not "prohibit . .. a plaintiff from taking any legal means for the collection of a judgment" other than "the garnishment of money due or to become due the defendant for the personal work and labor of the said defendant." M.C.L. § 600.6245.

There are but a handful of cases in which Michigan courts have addressed the Act, and none has considered whether the Act applies to a corporation or other such entity. The only reported Michigan case deciding an issue arising under the Act is *Meyer Jewelry Co. v. Johnson*, 229 Mich. App. 177, 581 N.W.2d 734 (1998), which held that a defendant's profit sharing payment from his employer, Chrysler Corporation, constituted "money due or to become due for personal work and labor" that was protected from garnishment. *Id.* at 181-82, 581 N.W.2d at 736. In any event, the provisions quoted and cited above provide substantial support for concluding that the Act affords relief only to individual defendants who are owed "wages" for their "personal work and labor." For example, "personal" means "[a]ppertaining to the person; belonging to an individual; limited to the person; having the nature or partaking of the qualities of human beings." *Black's Law Dictionary*

3

1143 (6th ed. 1990). Thus, an entity such as MPL cannot claim money due for its "personal work and labor." Similarly, MPL does not claim, nor can it, that it has wages, which are commonly understood as: "A compensation given to a hired person for his or her services. Compensation of employees based on time worked or output of production." *Id.* at 1579. Furthermore, MPL has not complied with the affidavit requirement of M.C.L. § 600.6205(3), nor can it do so, because MPL does not have an "employer."

MPL might argue that Section 6201(1) and (2), quoted in full above, provide support for relief to all defendants, not just individuals. Both of those subsections authorize a judge who has rendered a judgment to order installment payments. They differ in several respects, however. Subsection (1) allows a "judge . . . having civil jurisdiction at the time of the rendition of a judgment" to enter an installment order "upon proper showing" by the defendant, so long as both parties or their attorneys are present in court. M.C.L. § 600.6201(1). In contrast, Subsection (2) provides that a judge may enter an installment order only "upon compliance by the defendant with the provisions of this chapter and the rules of court." M.C.L. § 600.6201(2). The argument would be that these two provisions can be reconciled only if Subsection (1), which does not require compliance with the provisions of the Act, including the affidavit requirement of Section 6205(3), M.C.L. § 600.6205(3), is construed to apply to all defendants, while Subsection (2) is limited to individual defendants, who must comply with the procedural requirements, including the affidavit.

Even if plausible, such an argument would fail in light of the Act's history. The Act's predecessor, P.A. 1935, No. 106, was enacted in 1935 in substantially the same form as the present version. However, Subsections (1) and (2) of what is now Section 6201 differed slightly. Subsection (1) provided:

4

> The judge of any court having civil jurisdiction, *or any justice of the peace*, at the time of the rendition of a judgment, upon proper showing made by the defendant with both parties present in court, may make a written order permitting the defendant to pay such judgment in installments, at such times and in such amounts as in the opinion of such judge or justice, the defendant is unable to pay.

6 Det. L. Rev. 35, 36 ((1935) (quoting P.A. 1935, No. 106 §1(1)) (italics added).  Subsection (2) provided:

> Any such judge or justice may make a written order permitting the defendant to pay any judgment previously rendered in or transcribed to his court in installments, *as above provided*, upon compliance by the defendant with the provisions of this act as hereinafter provided.

*Id.* (quoting P.A. 1935, No. 106 §1(2)) (italics added).

The present law, P.A. 1961, No. 236, was amended in 1974 to delete the phrase "or any justice of the peace" from Subsection (1).  At the same time, however, an important comma, setting off the phrase "at the time of the rendition of a judgment" from "The judge of any court having civil jurisdiction," was omitted.  This omission is critical because it is the difference between authorizing a judge to enter a payment order at any time or only "at the time of the rendition of a judgment."  In light of the prior version, the most reasonable construction is that Subsection (1) applies in situations where the defendant moves for installment payments at the time judgment is entered, while Subsection (2) applies after the judgment has been entered ("[a]t any time after the rendition of a judgment").

Finally, an order authorizing MPL to make installment payments would provide no relief. "In reviewing the statute's language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory." *Wickens v. Oakwood Healthcare Sys.*, 465 Mich. 53, 60, 631 N.W.2d 686, 690 (2001).  An order for installment payments prohibits only "the garnishment of money due or to become due the defendant for the personal work

5

and labor of the said defendant," which MPL does not have.  M.C.L. § 600.6245.  *See also* M.C.R. 3.101(N)(1) ("An order for installment payments under M.C.L. 600.6201 *et seq.*, suspends the effectiveness of a writ of garnishment of periodic payments for work and labor performed by the defendant from the time the order is served on the garnishee.").  Plaintiffs would still be free to garnish MPL's funds.  Therefore,

      **IT IS HEREBY ORDERED** that Defendant Muskegon Property, L.L.C.'s Motion For Installment Payments (docket no. 42) is **DENIED**.


Dated:  February 5, 2009                                                       /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE